# United States District Court
# Central District of California
# Western Division

MELISSA BORCK, *et al.*,

    Plaintiffs,

  v.

CITY OF LOS ANGELES, *et al.*,

    Defendants.

CV 99-11575 TJH (Ex)

Order

re: Attorneys' Fees
[Document Nos. 403, 422]

    The Court has considered Plaintiffs' motions for attorneys' fees, together with the moving and opposing papers.

    In an action under 42 U.S.C. § 1983, the Court may award the prevailing party reasonable attorneys' fees. 42 U.S.C. § 1988. A prevailing plaintiff would ordinarily recover reasonable attorneys' fees unless special circumstances would render such an award unjust. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40, 48 (1983). Here, Plaintiffs Leona Thomas and Melissa Borck were the prevailing parties, having obtained jury verdicts in the

amounts of $1,000,000.00 and $2,312,439.00, respectively. Further, the Court finds no special circumstances which would render an award of reasonable attorneys' fees unjust. Therefore, the Court finds it appropriate to award reasonable attorneys' fees to the Plaintiffs.

Ordinarily, the "reasonableness of the fee is determined primarily by reference to the level of success achieved by the plaintiff." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Hensley*, 461 U.S. at 436, 103 S. Ct. at 1941, 76 L. Ed. 2d at 52 (1983)). The reasonableness of a fee award is further determined by answering two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which [s]he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1940, 75 L. Ed. 2d at 51. According to the Ninth Circuit:

> [I]n a lawsuit where the plaintiff presents different claims for relief that "involve a common core of facts" or are based on "related legal theories," the district court should not attempt to divide the request for attorney's fees on a claim-by-claim basis. Instead, the court must proceed to the second part of the analysis and "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."

*McCown,* 565 F.3d at 1103 (citations omitted) (quoting *Hensley*, 461 U.S. at 435, 103 S. Ct. at 1940, 75 L. Ed. 2d at 51).

In their joint complaint, Plaintiffs each asserted three claims against the City of Los Angeles ["the City"]. The first claim was for violations of 42 U.S.C. § 1983; the second claim was for violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and the third claim was for violations under

California's Fair Employment and Housing Act, Cal. Govt. Code § 12900, *et seq*. The Court granted the City's motion for summary judgment on Plaintiffs' second and third claims. Nevertheless, Plaintiffs seek attorneys' fees for work performed for all three claims. Since all three claims involved the same common core of facts and were based on related legal theories – namely, employment discrimination based on gender – it is not necessary for the Court to divide the requested fees on a claim-by-claim basis. *See McCown,* 565 F.3d at 1103. Instead, the Court will consider Plaintiffs' request for attorneys' fees based on the overall relief they obtained in relation to the hours reasonably expended by their counsel. *See McCown,* 565 F.3d at 1103.

A reasonable attorneys' fee is determined in two steps. First, the Court must determine a reasonable lodestar fee by multiplying the number of hours reasonably expended by Plaintiffs' attorneys by a reasonable hourly rate. *McElwaine v. US West*, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). In determining the appropriate number of hours to be included in the lodestar calculation, the Court must exclude hours "that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939, 76 L. Ed. 2d at 51. Second, the Court must determine if the lodestar amount should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). The twelve *Kerr* factors bearing on reasonableness are:

> (1) The time and labor required; (2) The novelty and difficulty of the questions involved; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9)

The experience, reputation, and ability of the attorneys; (10) The 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.

"There is a strong presumption that the lodestar figure represents a reasonable fee. 'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (quoting *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994)). Furthermore, contingent risk multipliers are not available under federal law. *See Welch v. Met. Life. Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007).

Some of the *Kerr* factors are subsumed into the initial lodestar calculation while others are not. "Adjusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable hours or reasonable hourly rate at the first step … is a disfavored procedure." *Morales*, 96 F.3d at 364 n.9. Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are the novelty and complexity of issues, the special skill and experience of counsel, the quality of representation, and the results obtained. *Morales* (citing *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988)). Although the results obtained is a factor subsumed into the initial lodestar, and the Court may not adjust the lodestar based on that factor, the Court does have discretion to consider the results obtained in determining whether the hours spent on the case were reasonable. *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 486 (9th Cir. 1989).

From January, 2005, through February, 2009, Attorney Joel F. Tamraz, a

sole practitioner, represented both Plaintiffs. While representing Plaintiff Leona Thomas through the first trial in this case, Tamraz worked 514.50 hours. While representing Plaintiff Melissa Borck through the first trial and an interlocutory appeal, Tamraz worked 351.25 hours. Thus, Tamraz asks the Court to be compensated for a total of 865.75 hours for his representation of both Plaintiffs.

The Court finds that, despite the City's objections, it was reasonable for Tamraz to bill in quarter hour increments. The Court, further, finds that all of the hours billed by Tamraz, with the exception of 2.5 hours billed for an NBC interview, were reasonable given the complexity of this case, the novelty of the issues raised, and the vigorous defense put on by the City. In prosecuting this case over a four year period, Tamraz engaged in extensive discovery practice including well over a dozen depositions, opposed and prosecuted numerous motions, including both pre-trial and post-trial motions, conducted a nine day jury trial, and successfully opposed the City's interlocutory appeal. Accordingly, Tamraz is entitled to be compensated for 863.25 hours.

On February 6, 2009, about forty-seven days before the second trial on Plaintiff Borck's § 1983 claim, Borck requested the Court's permission to substitute Attorney Matthew S. McNicholas and his firm in place of Attorney Tamraz. The Court approved the substitution.

In the few months that McNicholas and his firm represented Borck, his firm worked 818 hours to prepare for and conduct a four day jury trial, and oppose the City's six motions *in limine* and its single post-judgment motion for judgement as a matter of law, for a new trial or for a remittitur. The number of hours for which the McNicholas firm seeks compensation are clearly excessive and unreasonable, especially given that the briefs in opposition to the City's motions *in limine* averaged only two to three pages each in length; the firm engaged in no discovery practice as

discovery was closed by the time the firm substituted into this case; the issue of the City's liability already had been established based on the jury's verdict from the first trial; and the re-trial was limited to the issues of causation and damages for a single claim. Based on the complexity of Borck's sole § 1983 claim that was to be re-tried, the Court permitted Borck and the City a maximum of eight hours each to present their respective cases at trial. The eight hour time limit was reasonable given that there remained only a single plaintiff with a single claim with the issue of liability predetermined.

While Plaintiff Borck was granted leave to substitute counsel near the eve of trial, it is not reasonable to expect the City to pay for work performed by the McNicholas firm that was excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939, 76 L. Ed. 2d at 51. The Court acknowledges that had Tamraz not been substituted out, it would have been reasonable for him to spend some time refreshing his familiarity with the facts of the case and preparing witnesses given that the first trial was conducted some two years before the re-trial. However, it would not have been reasonable for him to spend 818 hours to prepare for and conduct the retrial and oppose the City's motions *in limine* and post-trial motion. The hours spent on this case by the McNicholas firm are clearly excessive and much of the work was redundant in light of the last minute substitution of counsel, the complexity of the single claim asserted by the sole remaining plaintiff, the novelty of the issue tried, the fact that liability had already been established, and the result achieved.

McNicholas and his firm worked 141.5 hours on this case before the Court approved Borck's request to substitute McNicholas in as counsel of record. Of those 141.5 hours, 108 hours were worked before McNicholas even prepared the substitution of counsel form. It is not reasonable to expect the Court to award fees

for work performed by an attorney to determine whether he will accept a case. Further, it is not reasonable to expect the Court to award fees for work performed by an attorney before he is counsel of record, especially since Borck had another attorney – Tamraz – actively representing her in this matter.

The Court finds that it would have been reasonable for the attorneys at the McNicholas firm to have worked up to 265 hours and for the firm's paralegal to have worked up to 50 hours on this case, based on the work performed by each of the time keepers, as follows:

| Attorney or Paralegal | Reasonable Hours for Work Performed |
|---|---|
| Matthew McNicholas | 120.00 |
| Courtney McNicholas | 120.00 |
| Benjamin Valero | 20.00 |
| Catherine Schmidt | 4.00 |
| Christina Smith | 1.00 |
| Nicholas Hobbs | 50.00 |

All hours in excess of the above hours are excessive and unreasonable based on the complexity of the remaining portion of this case at the time the McNicholas firm substituted in, the novelty of the issues tried, the fact that only a single plaintiff with a single claim remained to be tried, the fact that the issue of liability had already been established, and the result the McNicholas firm had achieved.

The Court must award a reasonable hourly rate according to the prevailing market rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "The fee applicant has the burden of producing satisfactory

evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Attorney Tamraz seeks an hourly rate of $395.00 plus a $100.00 per hour enhancement. The Court assumes that the $100.00 per hour enhancement sought by Tamraz is, in fact, a request for a multiplier pursuant to *Kerr*. To support the reasonableness of his requested rate, Tamraz provided the Court with selected excerpts and selected charts from the 2006 edition of *The Survey of Law Firm Economics* conducted by consultants at Altman Weil, Inc. Specifically, Tamraz directed the Court to a chart which shows that the median hourly billing rate for an attorney in California with 31 or more years experience is $450.00. However, that evidence was not persuasive. The median survey rate relied upon by Tamraz was based on responses from attorneys in California. However, none of those responding California attorneys appear to practice in the areas of plaintiffs' contingency litigation, civil rights litigation or plaintiffs' employment discrimination litigation, based on the reported areas of practice shown on the chart of participating law firms on page 14 of the Survey. Therefore, the survey rate is for attorneys providing dissimilar services. Tamraz did not submit evidence of fee awards he has received in other similar cases. Nor did he submit declarations outlining the rates charged by other civil rights or plaintiff's employment discrimination attorneys in the community.

The hourly rates requested by the attorneys at the McNicholas firm are significantly higher than the rate requested by Tamraz. Partner Matthew McNicholas seeks $750.00 per hour. Partner Courtney McNicholas seeks $600.00 per hour. Associate Benjamin Valerio seeks $550.00 per hour. Associate Catherine Burke-Schmidt seeks $550.00. Associate Christina Smith seeks $550.00 per hour.

Paralegal Nicholas Hobbs seeks $75.00 per hour.

Matthew McNicholas supports his hourly rate based on the success he has achieved on this and past cases. Absent from his motion is any evidence of the prevailing rate in the community for similar services. Moreover, he did not provide the Court with any evidence that he had ever been paid $750.00 per hour for representing a plaintiff in an employment discrimination case, or any other type of case. Further, he did not provide the Court with evidence of any attorney's fee award he might have received in any of his prior cases.

While Matthew McNicholas stated in his declaration that Courtney McNicholas actually received her requested $600.00 hourly rate "in several cases involving corporate and business matters on behalf of corporate and business clients," this is not sufficient evidence to establish that $600.00 is the prevailing hourly rate for attorneys representing plaintiffs in employment discrimination cases. Likewise, the fact that Attorney Benjamin Valerio had been billed out at $550.00 per hour while he was an associate at Milbank, Tweed, Hadley and McCoy does not establish that $550.00 is the prevailing hourly rate for plaintiff's employment discrimination attorneys with a similar level of experience. The requested rates for Catherine Burke-Schmidt and Christina Smith were, likewise, unsupported.

Plaintiffs' supported their motions for attorneys' fees with minimal evidence concerning the reasonableness of the hourly rates they seek. While Plaintiffs provide the Court with evidence of their attorneys' experiences, they provide no evidence concerning whether the rates their attorneys seek are those their attorneys normally charge and receive in similar cases, whether those rates are similar to those charged by other attorneys in the community for similar work in similar cases, or whether those rates are regularly awarded within this District in similar cases. The Court is aware of the fact that most attorneys representing plaintiffs in employment

discrimination cases are typically compensated through contingency agreements. However, the lodestar method is the method this Court must apply to determine reasonable attorneys' fees. *See McElwaine*.

The only evidence that the City provided to establish a reasonable hourly rate was the fact that this Court awarded fees at a maximum rate of $250.00 per hour in 1999 in the related case of *Tipton-Wittingham v. City of Los Angeles*, CV 94-3240 TJH. Based on the award in *Tipton-Wittingham* and the fact that Plaintiffs' attorneys practice in small firms, the City suggested that the maximum hourly rate for Joel Tamraz, Matthew McNicholas and Courtney McNicholas should be $295.00, and the maximum hourly rate for the other attorneys at the McNicholas firm should be $195.00.

In an order dated July 28, 2009, the Court rejected the City's argument that the Court should base the hourly rate on the number of attorneys at a law firm, and ordered Plaintiffs to provide additional evidence and arguments to support the reasonableness of their attorneys' requested hourly rates.

In his supplemental response, Attorney Tamraz provided a declaration from Attorney Thomas Beck, a well known plaintiffs police abuse civil rights attorney, who declared that his billing rate for the last five years has been $500.00 to $600.00 per hour, and that Tamraz's requested hourly rate in this case was reasonable. The Court took note that this employment discrimination case is not a police abuse case.

In his supplemental response, Attorney McNicholas advised the Court that there is no evidence that would establish the prevailing hourly rate for plaintiffs attorneys. McNicholas further advised the Court how contingency rates of 33% and 40% would be computed on various settlements or judgments to support the reasonableness of hourly rates that ranged from a low of $942.00 to a high of $7,500.00. Needless to say, such rates are inherently unreasonable for the case at

bar. While the Court is well aware of the methodology for computing a contractual contingency fee, the Court is even more aware of the Ninth Circuit's methodology for computing a reasonable attorney's fee based on the mandated lodestar method, a method which McNicholas chose to ignore. *See McElwaine*.

In the City's supplemental opposition papers, it suggested that a reasonable hourly rate would be the rate that it pays outside attorneys to defend it in employment litigation matters. Currently, the City pays $275.00 per hour for partners and $180.00 per hour for associates.

In his supplemental reply to the City's supplemental opposition, Tamraz provided the Court with evidence of hourly rates awarded to attorneys by the Los Angeles Superior Court in employment discrimination cases. However, because this evidence was not provided in his original supplemental response, the City did not have an opportunity to respond to this new evidence. Accordingly, the Court will not consider it.

Based on the minimal evidence provided by the parties and the Court's knowledge of the prevailing hourly rates in the community for legal services similar to those provided by Plaintiffs' attorneys in this case, the Court finds that the following hourly rates are reasonable:

| Attorney or Paralegal | Reasonable Hourly Rate |
| --- | --- |
| Joel Tamraz | $350.00 |
| Matthew McNicholas | $350.00 |
| Courtney McNicholas | $300.00 |
| Benjamin Valero | $200.00 |
| Catherine Schmidt | $200.00 |
| Christina Smith | $200.00 |

| | |
|---|---:|
| Nicholas Hobbs | $75.00 |

The Court has considered the twelve *Kerr* factors and finds that a multiplier of the above reasonable hourly rates is not warranted.

Therefore, the Court awards a total of $388,887.50 as reasonable attorneys' fees in this case, divided among the various attorneys and paralegal as follows:

| Attorney or Paralegal | Reasonable Hours | Reasonable Hourly Rate | Reasonable Fee |
|---|---:|---:|---:|
| Joel Tamraz | 863.25 | $350.00 | $302,137.50 |
| Matthew McNicholas | 120.00 | $350.00 | $42,000.00 |
| Courtney McNicholas | 120.00 | $300.00 | $36,000.00 |
| Benjamin Valero | 20.00 | $200.00 | $4,000.00 |
| Catherine Schmidt | 4.00 | $200.00 | $800.00 |
| Christina Smith | 1.00 | $200.00 | $200.00 |
| Nicholas Hobbs | 50.00 | $75.00 | $3,750.00 |
| TOTAL | | | $388,887.50 |

It is so Ordered.

Date:   October 1, 2009

_____
Terry J. Hatter, Jr.
Senior United States District Judge